# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**CALVIN MCCLINTON,**

    **Plaintiff,**

vs.                                          Case No.: 4:22-cv-00376-AW-MAF

**ROBERT WESLEY,
ET AL.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, Calvin McClinton, a prisoner proceeding *pro se*, filed a handwritten complaint, which was not on the proper form. ECF No. 1. Plaintiff did not file a motion to proceed *in forma pauperis* (IFP) nor did he pay the requisite filing fee. The complaint was unclear whether Plaintiff seeks to pursue a civil rights action pursuant to 42 U.S.C. § 1983 or habeas relief under 28 U.S.C. § 2254. Id. The Court construed Plaintiff's filing liberally under both theories and ordered Plaintiff to amend by November 30, 2022. See Mederos v. United States, 218 F.3d 1252, 1254 (11th Cir. 2000) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)). The Court also ordered Plaintiff to pay the proper filing fee or to submit an IFP motion by the same deadline.

Id. As of the date of the drafting of this Report, Plaintiff did not amend his complaint, pay the filing fee, or file an IFP motion. For the reasons stated below, the case should be dismissed for failure to comply with court orders.

I. **Initial Screening per 28 U.S.C. § 1915(e)(2)(B) and 1915A(b).**

Because Plaintiff is a prisoner, his complaint requires a preliminary review and initial screening 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Pursuant to the statutes, the Court must dismiss a prisoner's complaint, or any portion thereof, if it is frivolous, malicious, fails to state a claim or seeks damages from defendants who are immune. A claim is frivolous, and must be dismissed, when it "lacks an arguable basis either in law or in fact." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008). A district court also may dismiss a complaint if the facts as pled do not state a claim for relief that is plausible on its face. Sinaltrainal v Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). A *pro se* litigant's allegations are entitled to the benefit of liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." GJR Invs. v. Cty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir.1998) (overruled on other grounds by Iqbal, 556 U.S. at 662).

"Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. Conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true." Iqbal, 556 U.S. at 681. To escape dismissal, the complaint must allege facts sufficient to move claims "across the line from conceivable to plausible." Id. "The plausibility standard is met only where the facts alleged enable 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' . . . The complaint's allegations must establish 'more than a sheer possibility that a defendant has acted unlawfully.'" Franklin v. Curry, 738 F.3d 1246, 1251 (11th Cir. 2013) (quoting Iqbal, 556 U.S. at 678).

## II. Plaintiff's Complaint, ECF No. 1.

On or about October 17, 2022, Plaintiff filed his complaint (or petition). ECF No. 1. Although Plaintiff had until November 30, 2022, to amend properly, he did not. The complaint is insufficient or several reasons. Plaintiff's complaint is scant, vague, and was not filed on the proper form. This caused numerous defects throughout the complaint.

Plaintiff sues three Defendants: two public defenders, Robert Wesley and Laura J. Klossner; and Warden Mitchell Keen. ECF No. 1, p. 2. Because the complaint is not on the proper form, Plaintiff does not indicate whether Defendants are being sued in their official or individual capacities. ECF No. 1, p. 2. The complaint also does not identify the basis for jurisdiction. Id. As best can be determined, Plaintiff is likely suing Defendants under 42 U.S.C. § 1983 for false imprisonment, deprivation of life and liberty, negligence, or legal malpractice. See id. pp. 5-6. However, it also possible that Plaintiff is attempting to petition for habeas corpus pursuant to 28 U.S.C. § 2254 based on ineffective assistance of counsel. See id.

Plaintiff claims Wesley and Klossner, failed "to furnish plaintiff proven facts [from the] discovery database" and "public record[]s provisions," "which will prove that plaintiff is illegally being detained." Id. p. 5. Plaintiff alleges he was detained without any legal justification, paperwork, documentation, or DNA proof from 1985 to 1986. Id. Plaintiff also seems to allege that he was acquitted twice in 1985. Id.

Plaintiff alleges, while at Taylor Correction Institution, he constantly requested that Keen review his "database"; and the Department of Corrections (DOC) has the power to grant emergency release for a detainee confined under false pretenses. Id. Plaintiff maintains he is being falsely

imprisoned and public records are being hidden from him. Id. As relief, Plaintiff requests emergency release from the prison; and he seeks $73,000 in damages stemming from the alleged false imprisonment. Id. p. 6.

III. **Discussion.**

   A. Shotgun Pleading

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation marks and alterations omitted). "Further, the allegations in the complaint 'must be simple, concise, and direct,'" Fed. R. Civ. P. 8(d)(a), and the complaint must 'state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances,' Fed. R. Civ. P. 10(b)." LaCroix v. W. Dist. of Ky., 627 F. App'x 816, 818 (11th Cir. 2015).

A shotgun pleading fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1323 (11th Cir. 2015). District courts have "the inherent authority to control [their] dockets and ensure the prompt resolution of lawsuits . . . which in some circumstances

includes the power to dismiss a complaint for failure to comply with Rule 8(a)(2) and Rule 10(b)." Id., at 1320. Vague pleadings which assert legal conclusions rather than facts violate Rule 8 and are insufficient to proceed.

The Eleventh Circuit has identified four rough types or categories of shotgun pleadings. See id. at 1321-23 (citations omitted). The most common type is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." Id. at 1321. Next, is a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Id. at 1322. The third type of shotgun pleading does not separate "into a different count each cause of action or claim for relief." Id. at 1323. Finally, the fourth kind of shotgun pleading is one that "[asserts] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Id.

Plaintiff's complaint is a quintessential shotgun pleading. In fact, Plaintiff's claims are so vague the Court could not determine which constitutional- or statutory violations were implicated. Plaintiff provides only legal conclusions. Plaintiff seems to allege that Wesley and Klossner

provided ineffective legal counsel because they did not provide him with certain information related to his case. ECF No. 1, p. 5. Plaintiff alleges that he advised Keen about a DOC policy which permits emergency release for certain detainees. Id. Plaintiff alleges that Keen is hiding information from Plaintiff but fails to specify exactly what information is being hidden and how each Defendant kept information from him. In fact, Plaintiff attributes no facts to Keen. Plaintiff does not provide a timeframe regarding his allegations other than he was acquitted twice in 1985 and was imprisoned without legal justification from 1985 to 1986.

Plaintiff cannot simply "plead the bare elements of [a] cause of action," he must provide facts, which present a "plausible claim for relief" to survive a motion to dismiss. See Randall v. Scott, 610 F.3d 701, 708-09 (11th Cir. 2010). Legal conclusions are insufficient.

Still, Plaintiff claims the events occurred over thirty years ago. The statute of limitations period for Section 1983 claims arising in Florida is four years. Chappell v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003); Fla. Stat. § 95.11(3)(j). Federal courts must apply state law in determining the statute of limitations applicable to a Section 1983 action. "[T]he limitations period begins to run when the 'facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due

diligence.'" Heard v. Publix Supermarkets, Inc., 808 F. App'x 904, 907 (11th Cir. 2020) (citing Fla. Stat. § 95.031(2)(a) (2019)). There are some circumstances where the statute of limitations may be tolled but Plaintiff does not suggest that any exception might apply. Dismissal is appropriate.

B. Failure to Comply with Court Orders

As previously stated, Plaintiff did not comply with the Court's order to amend. Federal Rule of Civil Procedure 41(b) provides that if a plaintiff fails to comply with a court's orders, the plaintiff's claims or actions may be dismissed. Moreover, a district court "has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing and Landscape Servs., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). "A district court need not tolerate defiance of reasonable orders." Id. Therefore, when the undersigned issues reasonable orders, which are ignored, he may recommend the dismissal of a case for failure to comply. See Freeze v. Sec'y, Dep't of Child. and Fams., 825 F. App'x 606, 610 (11th Cir. 2020) (citing Moon v. Newsome, 863 F.2d 835, 839 (11th Cir. 1989)). Plaintiff had the opportunity to amend and resolve the filing fee but did not do so.

## IV.  Dismissal Will Not Prejudice Plaintiff

Dismissal of the instant case will not prejudice Plaintiff. If Plaintiff wants to challenge the validity of his conviction, he may do so by initiating a new case with a properly completed Section 2254 petition, following the exhaustion of state remedies, including direct appeals, and any requisite state habeas petitions and appeals thereof. Along with the petition, a $5 filing fee is due or, alternatively, a proper and complete IFP application should be submitted. Plaintiff had one year from the date his conviction was final to file a federal habeas petition.

If Plaintiff wants to pursue a civil rights action pursuant to Section 1983, he may do so by initiating a new case with a properly completed Section 1983 complaint form, following the exhaustion of state remedies, and within the statute of limitations. Along with the form, Plaintiff is required to submit a $402 filing fee or, alternatively, file a proper and complete IFP application.

Still, Plaintiff should be aware of the futility of pursuing a Section 1983 action challenging a criminal conviction. A prisoner may not bring a claim for damages under 42 U.S.C. § 1983 if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction. See Heck v. Humphrey, 512 U.S. 477, 487 (1994). The most obvious example of an action barred by Heck

is one in which the plaintiff seeks relief directly attributable to conviction or confinement.

"The Court's purpose was to limit the opportunities for collateral attack on [criminal] convictions because such collateral attacks undermine the finality of criminal proceedings and may create conflicting resolutions of issues." Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995) (internal citations omitted). Thus, unless a plaintiff can demonstrate that the conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus," the complaint must be dismissed. Heck, 512 U.S. at 487.

## V.  Conclusion and Recommendation

For the reasons stated above, it is respectfully **RECOMMENDED** that the case be **DISMISSED WITHOUT PREJUDICE** because it is a shotgun pleading and for failure to comply with Court orders pursuant to Fed. R. Civ. P. 41(b) and N.D. Fla. Loc. R. 41.1 and that the case be **CLOSED**.

IN CHAMBERS this 6th day of December, 2022.

                                 s/ Martin A. Fitzpatrick
                                 **MARTIN A. FITZPATRICK**
                                 **UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).